UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES PYNES<br>1901 D Street SE<br>Washington, DC 20003<br><br>v.<br><br>U.S. PAROLE COMMISSION<br>90 K Street NE<br>Washington, DC 20530 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Case No._____ |

## COMPLAINT AND EMERGENCY PETITION FOR WRIT OF MANDAMUS

1. Petitioner James Pynes is a District of Columbia parolee who has been released on parole under the authority of respondent the United States Parole Commission (the "Parole Commission") since January 20, 1995, a total of 20 years and 9 months. By law, the Parole Commission is required to terminate the parole of any parolee who has been released for 5 years, unless the Commission initiates and holds a hearing at which they prove the parolee should not have his sentence terminated. D.C. Code §24-404(3); 28 C.F.R. §2.95 (c). It is further required that where, as with Mr. Pynes, a person was eligible for this termination long before it came into law, the Parole Commission had a strict limit of one year in which to make an initial determination of parole custody termination. D.C. Code §24-404 (a-2)(2). Instead, the Parole Commission has continued Mr. Pynes on parole without ever holding such a termination hearing, or even informing Mr. Pynes of his right to have one, and is now seeking to revoke Mr. Pynes' parole solely on the basis of a misdemeanor conviction obtained in May 2016.

2. Mr. Pynes seeks a writ of mandamus compelling the Parole Commission to immediately hold an early termination hearing, as required by 28

C.F.R. §2.95(c), prior to holding any revocation hearing based on the new conviction.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this mandamus action pursuant to 28 U.S.C. § 1361, which gives the district courts of the United States "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Under the law of this Circuit, mandamus is the only appropriate remedy to compel the Parole Commission's compliance with the timing provisions of its statue and regulations. *Sutherland v. McCall*, 709 F.2d 730, 732[1] (D.C. Cir. 1983); *Nelson v. Williams*, 750 F.Supp.2d 46, 51 n.5 (D.D.C. 2010)

4. Venue in this court is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Petitioner James Pynes is a 71 year old resident of the District of Columbia. He is on parole pursuant to a judgment and commitment order issued by the Honorable William E. Stewart of the Superior Court of the District of Columbia on January 20, 1974 in case No. 1973-FEL-15576. He is currently

---

[1] *Southerland* recognizes that *Habeas* relief may be appropriate where a petitioner can establish that a "delay in holding a revocation hearing was both unreasonable and prejudicial." While this Court has not extended that test to the timing of a termination hearing, a 6 year delay past the statutorily mandated deadline for termination decision is per se unreasonable, and the prejudice is evident in that a timely held hearing would have prevented the Parole Commission from maintaining jurisdiction over Mr. Pynes' parole to hold him in custody pending a revocation hearing 10 years later. Should the Court feel that habeas relief for Mr. Pynes' release and expiration of his parole sentence is appropriate, we pray the court to construe these pleadings thusly.

incarcerated at the D.C. Jail pursuant to a parole violator warrant and a subsequent probable cause finding issued by respondent.

6.  Respondent United States Parole Commission is an independent agency in the Department of Justice constituted under 18 U.S.C. § 4201 et seq. On August 5, 2000, pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33 § 11231(a)(2), 111 Stat. 712, 745, ("Revitalization Act") it assumed the duties and jurisdiction of the District of Columbia Board of Parole. *See Long v. Gaines*, 167 F.Supp.2d 75, 77 (2001).

## BACKGROUND

7.  James Pynes was released to a life term of parole on January 20, 1995, pursuant to a January 20, 1974, judgment and commitment order issued by the Honorable William E. Stewart of the Superior Court for the District of Columbia, following his convictions for Murder I, Felony Murder, Kidnapping, and Escape in case No. 1973-FEL-15576.

8.  Mr. Pynes was placed on inactive supervision by the District of Columbia Board of Parole on June 6, 2000.

9.  On August 5, 2000, the United States Parole Commission assumed all duties and responsibilities of the District of Columbia Board of Parole pursuant to the Revitalization Act.

10. On March 21, 2009, The Equitable Street Time Credit Amendment Act, DC Code §24-404 and §24-406, ("The Street Time Act") was enacted and required, along with other sentence calculation changes, that "Five years after a

parolee's release on parole, the Commission shall terminate legal custody over the parolee unless the Commission determines, after a hearing, that legal custody of the parolee should not be terminated because there is a likelihood that the parolee will violate any criminal law." D.C. Code §24-404 (a-1)(3). The Parole Commission incorporated these statutory requirements related to early termination into its own regulations at 28 C.F.R. §2.95.

11. Following the enactment of The Street Time Act, the Parole Commission began holding five year termination hearings for those parolees who had already fulfilled the five year time requirement. This was in accordance with D.C. Code §24-404 (a-2)(2), which explicitly states "for a person released on parole prior to May 20, 2009, determinations by the Commission whether to terminate legal custody... shall be made within one year after May 20, 2009." At this point, Mr. Pynes had been in the community for 14 years, and was clearly owed a determination by May 20, 2010, but has not to this day been granted a hearing, or advised of his rights to a hearing.

12. The Street Time Act further required that if parole is not terminated at the five year termination hearing, the Parole Commission "May conduct a hearing annually, if the parolee so requests, to determine whether to terminate legal custody of the parole," D.C. Code § 24-404(a-1)(4)(A), but regardless of whether it grants the annual termination hearing, "Shall conduct a hearing every 2 years to determine whether to terminate legal custody of the parolee." D.C. Code § 24-404(a-1)(4)(B)

13. Mr. Pynes remained in the community, without any charged violation, for more than seven years after the passage of The Street Time Act, without receiving any termination hearing, or rehearing, or being advised of his right to termination, at any point. Had the Commission conducted a termination hearing in 2009, denied Mr. Pynes' termination, and conducted each subsequent two year rehearing, four hearings would have occurred between 2009 and 2016. Mr. Pynes should have had the right to request four additional annual hearings.

14. On May 13, 2016, Mr. Pynes was arrested and charged with misdemeanor offenses including simple assault, attempted possession of a prohibited weapon, and attempted threats to do bodily harm.

15. On May 20, 2016, before these charges were adjudicated, the Parole Commission issued a warrant for Mr. Pynes' retaking, alleging as violation assault, possession of a prohibited weapon, and threats to do bodily harm[2]. The rearrest was the only basis for the warrant, and no other violations were alleged to have occurred in the 20 year time Mr. Pynes had been on parole. *See* Ex. A.

16. On June 2, 2016, the Superior Court for the District of Columbia issued a bench warrant for Mr. Pynes following his failure to appear for a status hearing in the pending misdemeanor charges. Mr. Pynes was arrested on this bench warrant on July 20, 2016, and the existing Parole Commission warrant was lodged as a detainer against him.

---

[2] Though the criminal charges before the Superior Court were only attempted threats and attempted possession of a prohibited weapon, the Parole Commission charged Mr. Pynes with the completed acts, which by the Parole Commission's regulations are adjudicated at equal seriousness. *See* 28 C.F.R. §2.20 (102) "Grade attempt in the same category as the offense attempted."

17. Mr. Pynes was sentenced to 90 days, execution of sentence suspended, for an attempted threats conviction following entrance of a guilty plea, and 90 days, 45 days suspended and 45 days to serve for a bail reform act conviction following entrance of a guilty plea, on September 23, 2016. The simple assault and attempted possession of a prohibited weapon charges were dismissed. Mr. Pynes was released from custody of the Superior Court, and executed his Parole Commission warrant on September 26, 2016. Mr. Pynes remains incarcerated at the DC Jail pursuant to the authority of the Parole Commission.

18. Mr. Pynes was granted a probable cause hearing in front of the Parole Commission on September 30, 2016. This was Mr. Pynes' first opportunity to speak with an attorney about his parole rights and the revocation process. It was also the first time Mr. Pynes had been advised of his right to a five year termination hearing.

19. At the probable cause hearing, Mr. Pynes denied the assault and possession of a prohibited weapon violation charges, and admitted to the amended charge of attempted threats and a supplemented charge of bail reform act violation. Probable cause was found on all charges, including the charges dismissed by the Superior Court.

20. Counsel for Mr. Pynes put on record that Mr. Pynes had been on parole for 20 years without a termination hearing and objected to the validity of the revocation warrant and process. Counsel requested Mr. Pynes' immediate release, with closing of the revocation process and termination of the term of parole. In the alternative, counsel argued for Mr. Pynes' release and future

summons to a combined revocation and termination hearing. Hearing Examiner Mark Tanner recommended the latter, that Mr. Pynes be released and summonsed to a combined revocation/termination hearing. *See* Ex. B.

21. On October 5, 2016, Counsel for Mr. Pynes received a non-appealable Notice of Action from The Parole Commission, denying Mr. Pynes' release from custody and ordering a local revocation hearing. The Notice of Action was silent as to the request for a termination hearing. *See* Ex. C.

22. On October 7, 2016, Counsel for Mr. Pynes followed the Parole Commission's procedure for the docketing of cases and sent an electronic request to the designated address for a local revocation hearing to be set for Mr. Pynes. A follow up request was transmitted on October 12, 2016.

23. An email response was received from Parole Commission staff on October 12, 2016, denying counsel's request for a hearing date to resolve the violator matter, stating that the Commission no longer intended to pursue the more serious charges and had classified Mr. Pynes' case as an institutional revocation hearing to be held in a Bureau of Prisons Facility. *See* Ex. D. A non-appealable Notice of Action also ordering that the revocation hearing be held as an institutional on the basis of the convictions only was received on October 14, 2016[3]. *See* Ex. E. Both the email and the Notice of Action were silent as to the matter of a termination hearing.

---

[3] *See* 28 C.F.R. §2.102(b): "The parolee shall also be given a local revocation hearing if he admits (or has been convicted of) one or more charged violations, but denies at least one unadjudicated charge that may be determinative of the Commission's decision regarding revocation and/or reparole..." By removing the more serious,

24.     On October 17, 2014, Counsel sent an objection email to Parole Commission staff, objecting to the long delay without a termination hearing and the designation of Mr. Pynes to an Institutional Revocation Hearing. The email again requested that Mr. Pynes be released and terminated from parole, or in the alternative, held locally, pending hearings to determine the violator question and the issue of termination of supervision. *See* Ex F. No response has been received.

## CLAIM FOR RELIEF

25.     Mr. Pynes incorporates and realleges each and every allegation contained in paragraphs 1-24.

26.     While mandamus is an extraordinary remedy, it nonetheless "may be granted to correct transparent violations of a clear duty to act." *In re Aiken County*, 725 F.3d 255, 258 (D.C. Cir. 2013)(internal quotation marks and citation omitted). Mandamus is proper when "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." *Council of and for the Blind of Del. Cnty. Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983)(en banc).

27.     Mr. Pynes has a clear and indisputable right to a hearing regarding his early termination from parole, after five years of parole supervision. D.C. Code §24-404 (a-1)(3); 28 C.F.R. §2.95. Where this hearing is held and termination denied, he has an indisputable right to a hearing every two years thereafter. D.C.

---

determinative, unadjudicated charge from the hearing, the Parole Commission removed Mr. Pynes' right to contest the charges in a local revocation hearing.

Code § 24-404(a-1)(4)(B). Moreover, this initial determination of eligibility, per statute, was required to be held by May 20, 2010. D.C. Code §24-404 (a-2)(2) More than 6 years have elapsed since the Parole Commission was to have made this determination and the time Mr. Pynes is now alleged to have violated his parole.

28. Mr. Pynes has now been on parole for more than 20 years, and more than 7 years since the early termination hearing right attached to his parole.

29. Just as Mr. Pynes has a clear and undisputed right to relief, the Parole Commission has a clear duty to act that it is transparently violating. Its statute and regulation are unequivocal, and while they leave discretion in the ultimate decision reached following a hearing[4], the Parole Commission has no discretion in holding the hearing. The language is plain: "Five years after a parolee's release on parole, the Commission <u>shall</u> terminate legal custody over the parolee unless the Commission determines, after a hearing, that legal custody of the parolee should not be terminated…" D.C. Code §24-404 (a-1)(3). Following that hearing, if the parolee remains on parole, the Parole Commission ""<u>shall</u> conduct

---

[4] According to the Parole Commission's own regulations for guiding principles of the termination decision, Mr. Pynes met the requirements for termination at the time that he was due to have his four or more termination hearings. Namely, "Termination of supervision is indicated if the parolee: i) Has a salient factor score in the very good risk category and has completed two continuous years of supervision free from an incident of new criminal behavior or serious parole violation ; or ii) Has a salient factor score in a risk category other than very good and has completed three continuous years of supervision free from an incident of new criminal behavior or serious parole violation." 28 C.F.R. §2.95 (e)(1). Mr. Pynes is not alleged to have any violation behavior or criminal behavior prior to 2016, and clearly would have met this criteria in March 2009, May 2010, and each of the years he was owed a potential rehearing, prior to 2016.

a hearing every 2 years to determine whether to terminate legal custody of the parolee." D.C. Code § 24-404(a-1)(4)(B). For a person eligibile for this termination before the law came into effect, the statute is clear, the Commission was not able to restart the five year clock, but instead, in the case of "a person released on parole prior to May 20, 2009, determinations by the Commission whether to terminate legal custody... shall be made within one year after May 20, 2009." D.C. Code §24-404 (a-2)(2). The use of the language, "shall" as opposed to "may" as appears in other sections of the statute, makes plain the non-discretionary nature of the granting of this hearing. *Ass'n of Civilian Technicians, Mont. Air Chapter No. 29 v. Fed. Labor Relations Auth.*, 22 F.3d 1150, 1153 (D.C. Cir. 1994) ("The word 'shall' generally indicates a command that admits of no discretion on the part of the person instructed to carry out the directive.") Seven years have passed since the Commission has owed Mr. Pynes his multiple termination hearings, a duty which they are clearly flouting by never granting him even one hearing.

30.     Mandamus is the only remedy available to Mr. Pynes. Mr. Pynes has communicated directly with respondent about his rights and its duties, and been rebuffed. Additionally, respondent has declared its intention to transport Mr. Pynes away from the DC jail and hold a hearing process which only addresses the question of revocation and future sentence.[5] Habeas relief is likewise not

---

[5] There are compelling reasons for the Parole Commission to keep Mr. Pynes in the jurisdiction and conduct any future revocation hearings locally. According to the Commission's own policy and regulations, the crimes for which he has been convicted, combined with his risk factor which is "very good" due to his long period of conviction free behavior, only expose him to a sentence range of 0-4 months

available to Mr. Pynes, unless this court holds that the delay of the Parole Commission was unreasonable and prejudicial. Instead, under the law of this Circuit, mandamus is the only appropriate remedy to compel the Parole Commission's compliance with the timing provisions of its statute and regulations.

31.   The hearing which the Parole Commission was to have held for Mr. Pynes should have taken place between March 21, 2009 and May 29, 2010. At that hearing, and any subsequent hearings until after May 2016, there would have been no new convictions on Mr. Pynes' record, and no potential revocation. Ordering a hearing which takes place prior to the currently pending revocation hearing and does not consider that behavior is a fair and equitable remedy to the long amount of time the Parole Commission has flouted its duty to Mr. Pynes. Even if the Court does not order that the Commission is barred from considering the new conviction, the termination hearing still must take place prior to the revocation hearing, and locally, where Mr. Pynes has the ability to bring in witnesses and evidence in support of his claim for termination of his parole.

32.   Additionally, Mr. Pynes asks for injunctive relief against respondent transferring him away from this jurisdiction during the pendency of these pleadings and the resolution of any future ordered early termination hearing.

---

before reparole is indicated. See 28 C.F.R. §2.20. Mr. Pynes will get credit for the time he has been in custody since July 20, 2016.

## PRAYER

WHEREFORE, Mr. Pynes requests that this Court issue a writ of mandamus against the Parole Commission ordering it to hold forthwith his overdue termination hearing, prior to any revocation hearing, and not considering the behavior alleged in the pending revocation warrant, and grant any other relief this Court deems just and proper.

Respectfully submitted,

*/s/ Olinda Moyd*

OLINDA MOYD
D.C. Bar #444622
omoyd@pdsdc.org
(202) 824-2360

RASHIDA EDMONDSON
D.C. Bar #982080
redmdondson@pdsdc.org
(202) 824-2426

PUBLIC DEFENDER SERVICE
633 Indiana Avenue, NW
Washington, DC 20004
(202) 628-1200
Counsel for Mr. Pynes[6]

---

[6] Counsel seek to practice here pursuant to LCvR 83.2(g) representing Mr. Pynes, who is indigent, without a fee. A certificate of indigent representation is attached to this Motion. Moreover, application for admission to the Bar of this Court is pending for Ms. Edmondson.

## CERTIFICATE OF SERVICE

I hereby certify that copies of this Complaint and Emergency Petition for Writ of Mandamus, Memorandum and Exhibits were mailed on the 21st day of October, 2016, to J. Patricia W. Smoot, Chair, U.S. Parole Commission, 90 K Street, N.E., Washington, D.C. 20530.

*Olinda Moyd*
Olinda Moyd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES PYNES | ) | |
| | ) | |
| v. | ) | Case No._____ |
| | ) | |
| U.S. PAROLE COMMISSION | ) | |

**PROPOSED ORDER**

Upon consideration of this Complaint and Emergency Petition for Writ of Mandamus under 28 U.S.C. § 1361, it is this _____ day of _____, 201\_,

**HEREBY ORDERED** that Mr. Pynes Writ is

**GRANTED.**

_____
Honorable Judge _____

Copies to:

J. Patricia W. Smoot
Chair
U.S. Parole Commission
90 K Street, N.E.
Washington, D.C. 20530

Olinda Moyd
Rashida Edmondson
Public Defender Service
633 Indiana Avenue, N.W.
Washington, D.C. 20004

### Certificate of Indigent Representation and Familiarity with Local Rules

Pursuant to LCvR 83.2(g), I hereby certify that I am a member in good standing of the Bar of the District of Columbia and represent the indigent movant in this matter, James Pynes, without compensation. The Public Defender Service is authorized by statute to represent indigents in the District of Columbia pursuant to D.C. Code § 1-2701, *et seq.* Pursuant to LCvR 83.2(j), I also certify that I am personally familiar with the Local Rules of this Court.

*/s/ Olinda Moyd*
Olinda Moyd

*/s/ Rashida Edmondson*
Rashida Edmondson